IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA THORNE; BRENDA MARONDE; CELESTIA SIMS-MAYER; and BECKY PRICE,<br><br>  Plaintiffs,<br><br>  v.<br><br>BATH IRON WORKS CORP.; and FOSTER WHEELER LLC<br><br>  Defendants. | Case No. 14-02460 SC<br><br>ORDER RE BATH IRON WORKS' MOTION TO DISMISS |

Now before the Court is Defendant Bath Iron Works' ("Bath") motion to dismiss. ECF No. 14 ("MTD"). Bath's motion relies on Judge Eduardo Robreno's decision in Mack v. General Electric Co., 896 F. Supp. 2d 333 (E.D. Pa. 2012) and an unpublished summary judgment order from the Central District of California, McIndoe v. Crane Co., CV 12-09639-RGK (SSx), ECF No. 258 ("McIndoe SJ Order"), in support of their argument that a naval vessel is not a "product" for the purposes of strict products liability. As Bath notes, McIndoe is presently on appeal, and the Ninth Circuit will be

squarely presented with the question of whether a naval vessel is a "product."  See ECF No. 18 ("Reply") at 2 n.2; see also McIndoe v. Huntington Ingalls Inc., No. 13-56762 (9th Cir.).

Therefore, in the interest of conserving judicial resources, the Court STAYS the case pending the decision in McIndoe, and VACATES the hearing on the motion to dismiss currently scheduled for Friday, August 22, 2014.  Within fourteen (14) days of the Ninth Circuit's decision in McIndoe, the parties shall file notice of the decision with the Court.  With that notice the parties shall file a joint status report outlining their future plans with respect to the motion to dismiss.  If necessary, the Court will issue an order scheduling supplemental briefing on the motion.

If the parties do not file notice and a joint status report following the decision in McIndoe, the stay will be lifted, and the Court will decide the motion to dismiss.

IT IS SO ORDERED.

Dated: August 20, 2014

_____
UNITED STATES DISTRICT JUDGE